JUAN RIVERA LÓPEZ DE VICTORIA, Petitioner, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1052. Submitted June 8, 1939.—Decided June 13, 1939.

*Antonio L. López,* for petitioner. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Juan Rivera López through his attorney A. L. López, presented deed No. 73 of April 5, 1939, executed before notary Antonio L. López, to the Registry of Property of Caguas. By said deed, Pedro Batista Andino and his wife segregated and sold to him a rural property situated in the ward of Tomás de Castro of the Municipality of Caguas. Said property measured fifteen meters wide by twenty meters deep.

The registrar recorded "with the curable defect that the rest of the principal property *after such segregation* was not described".

From this ruling Rivera López appealed and to uphold the petition he cites the case of *Irizarry Cruz* v. *Registrar,*

38 P.R.R. 447, in which, following the ruling in the case of *Cadilla* v. *Registrar,* 19 P.R.R. 77, it was held that: "Failure to describe in a deed of segregation and sale the rest of the principal property *after such segregation* does not constitute a curable defect in the title." (Syllabus (Italics ours).)

The registrar, in his brief, makes a statement of the segregations which according to the records of the registrar had been made in the principal property from which the farm from which this segregation was made was segregated, and which is the object of the document on which this appeal is based. The registrar showed by this that the notary did not describe the rest of the principal farm from which this segregation was made which should have been a farm of 7.268 *cuerdas* and not the farm of 14.411 *cuerdas* as stated in the deed. The notary, in so describing the farm, did not take into consideration the previous segregations which had been made from the rest of the principal farm of 14.411 *cuerdas.*

To uphold his contention the registrar cited the case of *Medrano* v. *Registrar,* 38 P.R.R. 736, in which this Court held that it is a curable defect in a deed of segregation and sale not to describe the property from which the segregation is made *as it was after previous segregations.* But this was not the defect noted in the ruling. The defect stated in the ruling, as we have seen, is that "the rest of the principal property after such segregation was not described" which is not a defect at all.

This being so, we must consider only the defect stated in the ruling and we canot consider any other not stated in it. In Vol. 2 of Galindo, *"Legislación Hipotecaria",* 626, there is a citation of the General Directorate of the Registries of August 31, 1896, where it was stated:

"The decision must be based on the defects stated in the ruling and which have been appealed from and no decision may be taken in respect to defects which the registrar has not in the ruling but which are alleged in the petition."

To this same effect see *González* v. *Registrar*, 23 P.R.R. 750, where Vol. 2 of Galindo, "Legislación Hipotecaria" is cited.

For the foregoing, the ruling appealed from should be reversed and the record requested should be made without the defect noted by the registrar.